IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CASE NO. _5:19·CU-156_

(To Be Provided By Clerk Of Court)

FILED

APR 2 6 2019

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Tony Gonzalez-Rodriguez 43549-112

   (Plaintiff)

v.

Officer Rogers, Officer John Doe
and United States of America,

   (Defendants)

USPS TRACKING # **9114 9014 9645 1803 1859 02**
& CUSTOMER   For Tracking or inquiries go to USPS.com
RECEIPT   or call 1-800-222-1811.

5:19-cu-156
Stamp | Mazzone | Blalock
Bivens-550

## COMPLAINT UNDER BIVENS, FEDERAL TORT CLAIMS AND IN DIVERSITY OF CITIZENSHIP

This is a complaint alleging a violation of the Constitution, laws or treaties of the United States as authorized under **42 U.S.C. §§ 1985 - 1986, Bivens v. Six Unknown FBN Agents,** 403 U.S. 388, 91 S.T. 1999(1971), Federal Tort Claims Act (28 **U.S.C. §§ 2671, et seq.**) and in Diversity of Citizenship.

### I.

### JURISDICTION

Jurisdiction is invoked pursuant to **28 U.S.C. § 1331,** because this case presents a cause of action arising under the Constitution and laws of the United States.

Jurisdiction is invoked pursuant to **28 U.S.C. § 1332,** because the matter in controversy exceeds the sum of **$75,000.00** and is between Citizens of different States.

This court has jurisdiction under **28 U.S.C. § 1346,** because this is an action in Tort pursuant to **28 U.S.C. §§ 2671, et seq.**

Plaintiff also invokes the supplemental jurisdiction of this court pursuant to **28 U.S.C. § 1367** over any and all state law claims.

Venue is proper under **28 U.S.C. § 1391** because one or more defendant

- 1 -

either works or resides in this District.

Plaintiff has exhausted all Administrative Remedies as required by 42 U.S.C. § 1997e(b).

## II.

### PARTIES

(I)    Plaintiff is and was at all times mentioned in this cause of action an inmate in the custody of the Federal Bureau of Prisons (FBOP), is not a citizen of West Virginia and did not have West Virginia as his place of domicile prior to his incarceration and is currently housed as an inmate at the FCC-Beaumont-Low, P.O. Box 26020, Beaumont, TX 77720-6020.

(II)    Defendant Correctional Officer Specialist Rogers is and was at all times during the events complained on in this lawsuit employed as a federal correctional officer at the FCI-Gilmer, 201 FCI Lane, P.O. Box 5000, Glenville, WV 26351, but is being sued in both his individual and official capacities.

(III)  Defendant John Doe is and was at all times referenced in this lawsuit employed as a federal correctional officer at the FCI-Gilmer, 201 FCI Lane, P.O. Box 5000, Glenville, WV 26351, but is being sued in both his individual and official capacities.

- 2 -

## III.

### Statement of Facts

1.    On or about May 11, 2017, Plaintiff Gonzalez-Rodriguez, was summoned to the Lieutenant's office, whereafterwards he  was placed in handcuffs tightly secured in a black box toegther with leg chained cuffs by defendant officers Roger and John Doe, who placed him in a van to be transported for post-surgical follow-up with an outside medical specialist while incarcerated at FCI Gilmer.

2.    Prior to being placed in the van, Plaintiff told both defendants that the handcuffs were hurting and extremely discomfortable and to place him in the seatbelt, which they refused to act on.

3.    During the trip Plaintiff Gonzalez-Rodriguez, repeatedly asked defendants to losen the handcuffs, to secure him in seatbelt and not to drive so fast. Defendant John Doe told Plaintiff that he didn't need to hear any noise from a backseat driver, essentially directing plaintiff to be quiet.

4.    After being seen by the surgical specialist, defendant Rogers placed Plaintiff back into the handcuffs tighter than they were before, cutting into Plaintiff's wrists in a manner that caused him unnecessary physical pain and discomfort in an effort to punish him for earlier complaining about the cuffs being too tight and defendant Doe's driving. Defendants once more blackboxed Plaintiff and declined to place any seatbelt on him.

5.    Again Plaintiff asked defendant Doe to stop speeding, to losen the cuffs and to secure him in the seatbelts. Both defendants laughed while subjecting plaintiff to verbal abuse and profanity in response to his requests.

6.    Defendant Doe continued to drive recklessly at excessive speeds on the highway while texting or utilizing a cellular device around curves. While driving in a reckless manner utilizing a cellular device at excessive speeds, Defendant Doe was inattentive to the road, resulting in a need to break suddenly when apparently embarking upon a purported electrical wire hanging down from a utility pole which he could have noticed in a timely manner to safely avoid

having to hit the break arbitrarily had he not been using the phone or texting while driving excessively above the speed limits.

7.     As the direct and proximate result of defendant Doe's arbitrarily slamming on the breaks, Plaintiff Gonzalez-Rodriguez's head was crushed up against the front cage of the van, jerking his neck and snapping his back as he flipped over hitting the other sides of the van, causing him to be knocked out momentarily, injuring him throughout and in his body and extremities, leaving him in excruciating pain and agony as the position of the short chain secured in the blackbox, combined with the cuffs being placed on Plaintiff's wrists in a manner which was already restricting his circulation, made it impossible for him to secure his seatbelt or to avoid the cutting twisting pressure caused by the maliciously placed handcuffs.

8.     When Plaintiff regained his of awareness he noticed defendant Rogers asking him was he alright and some civilian female in the background asking the same. But defendant Rogers refused, along with defendant Doe to take Plaintiff to the emergency room of any hospital, despite seeing swelling in and about Plaintiff's head and face, even after being repeatedly told by Plaintiff that he wasn't alright, but was in extreme pain and discomfort.

9.     Defendant still refused to losen Plaintiff's cuffs and continued to transport him without placing him in any seatbelts.

10.     As a direct result of the acts and omissions of defendants described in paragraphs 1 - 9 above Plaintiff Gonzalez-Rodriguez suffered contusions, extreme pain and swelling in and about his head, cheeks, disfiguration of his face, renewed injury to his cervical, thorasic, lumbar and srotum spine region, pain in both knees, as well as in the Radial Sensor Superficial, Carpal and Ulnar Regions of his wrists and hands bilaterally, which continues to cause him loss of sensation together with regular bilateral shooting pain from his elbows to his thumbs and post traumatic stress and nightmares from the incident.

- 4 -

11.   Upon arriving back at FCI-Gilmer, defendants refused to provide Plaintiff any wheelchair or other mobility assistive device, did not conduct any MRI or Cat-Scan, but only conducted a general assessment of his injuries by medical staff who noted that there was a contusion with swelling of Plaintiff's forehead, as well as a contusion and swelling of Plaintiff's eyebrows and cheeks. It was also noted that Plaintiff had "bilateral wrist markings, presumably from the cuffs, but" did not conduct any **EMG** or **Nerve conductivity** tests upon his hands or back and waited **many more months** later to conduct an **MRI** on his back.

12.   Defendants placed Plaintiff in SHU shortly after he began to iniate the Administrative remedy Process in retaliation where he remain for several months prior to being transferred.

13.   As a direct and proximate cause of defendants' acts or omissions, Plaintiff's eye injury was aggravated **causing** further impairment of his vision, aggravation of his previously existing back injuries, leaving him with posisible nerve damage in his wrists, neck and back and extreme mental and emotional distress due to being placed in fear of losing his life in conjuction with the pain he experienced when being tossed and slammed into van's sides.

14.   As a direct and **proximate** cause of the defendants' acts or omissions, Plaintiff was subjected to the offensive harmful contact of his person by being violently tossed about, injuring him in his head, eyes, limbs and throughout his body due to being transported at unlawfully high speeds, in a reckless, careless manner around curves while texting or using a phone during a time that they had Plaintiff cuffed in a manner that rendered him incapable of securing or protecting himself and with intent to punish him for complaining about being transported without a **seatbelt** as required by FBOP Program Statements **1600.11 ch. 1 § 17, 4200.12 ch. 10 § 1 and Executive Order 13693,** defendant's driving and on account of his race.

## IV.

## Averments of the Claim

## FIRST CAUSE OF ACTION

The acts and omissions of defendants as outlined in the aforementioned Statement of Facts paragraphs 1 - 14 , Administrative Remedy Nos. _____ _____ and Administrative Tort Claim No. TRT-MXR-2018-05816, infringed upon Plaintiff Gonzalez-Rodriguez's rights not to be deprived of Life, Liberty, or Property without Due Process of law, and to be free from "cruel and unusual punishment" in violation of the 4th, 5th & 8th Amendments to the United States Constitution when:

a.      Defendants Rogers and John Doe knew of and disregarded the substantial risk of harm to Plaintiff Gonzalez-Rodriguez's health and safety by acting delberately indifferent towards him in failing to secure him in a seatbelt prior to transporting him away from the institution;

b.      Defendants Rogers and John Doe knew of an disregarded the substantial risk of harm to Plaintiff Gonzalez-Rodriguez and acted **deliberately** indifferent towards plaintiff Gonzalez-Rodriguez's safety by driving at excessively high speeds above the posted limits, recklessly and texting or usuing a cellular device in violation of traffick laws and FBOP standards for transporting inmates;

c.      Defendants Rogers and John Doe knew of and disregarded the substantial risk of harm to Plaintiff and acted with deliberate indifference towards plaintiff's health and safety by continuing to drive at excessive speeds and recklessly while texting or using a cellular device after repeatedly being asked to slow down by plaintiff prior to causing Plaintiff to be injured in his person while secured in a manner that rendered him incapable of securing himself in any seatbelt.

d.      Defendant Rogers or John Doe placed blackboxed **cuffs** on Plaintiff in a manner which restricted his circulation and to punish for complaining about being cuffed too tight, seatbeltless and **defendant**(s) reckless driving.

- 6 -

e.   Defendants Rogers and John Doe knew of and disregarded the substantial risk of harm to Plaintiff Gonzalez-Rodriguez and acted deliberately indifferent towards his health and safety by refusing to apply seatbelts on him after being repeatedly told to do so all the way up to and beyond the point of causing Plaintiff to be injured by defendant's reckless driving;

f.   Defendants owed a duty to plaintiff to drive safly, to secure him in seatbelts and not to speed while transporting him in a manner in which he was not able to protect himself or to secure himself in any seatbelt, but neglected that duty and that breach of duty was the direct and proximate cause of plaintiff's injury;

g.   Defendants caused Plaintiff to suffer pain in his head and back due to their failure to place him in seatbelts and by deliberately driving in an unsafe and reckless manner;

h.   Defendants had Plaintiff restrained in a manner that prevented him from securing his own seatbelt and was thrown about resulting in his head being bumped and banged along with his back being injured, in addition to the cuffs cutting into his wrists and ankles as well as additional injury to his eye(s);

i.   Defendants placed restrains about Plaintiff's wrists, waist and ankles in a manner which caused him to experience unnecessary pain and which greatly restricted his circulation contrary to 28 CFR § 552.22(h);

j.   Defendants refused to timely assess Plaintiff injuries and failed to timely provide him medical care or treatment for those injuries, including the failure to conduct the required medical tests needed to properly diagnosis those injuries;

k.   Defendants owed plaintiff a duty of care under the common law, motor vehicle statutes Executive order 13693, FBOP P.S. 1600.11, ch. 1, § 17 & 4200.12, ch. 10 § 1 and breached duty resulting in damaging injuries to plaintiff.

## SECOND CAUSE OF ACTION

Based on the acts and omissions of defendants outlined in the aforementioned Statement of Facts paragraphs 1 - 14 , Administrative Remedy Nos. _____, and Administrative Tort Claim No. TRT-MXR-2018-05816 , Plaintiff was a victim of assault and battery under West Virginia Tort Law as set forth in **West Virginia Fire & Cas. Co. v. Stanley**, 216 W. Va. 40 @ 50-52, 602 S.E. 2d 483(2004); and **Toliver v. The Kroger Co.**, 498 S.E. 2d 792, 711 (W.Va. 1997)(quoting Restatement (second) of Torts § 13(1965). Ergo, under the Federal Tort Act, defendant United States of America is liable to Plaintiff for the acts of the FBOP Officers named herein and throughout who intended to cause harmful or offensive contact with Plaintiff's person and actual harmful contact with the person of Plaintiff while they were employed as officers of the United States acting albeitly outside the scope of their employment as federal correctional officers when:

a.    officer(s) failed to place seatbelts on plaintiff while transporting him handcuffed at the waist with legs bound in a manner that prevented him from securing his own seatbelt;

b.    officer(s) failed to obey State and federal traffick signs and regulations deliberately driving at highly excessive speeds while plaintiff was bound in a manner that prevented him from securing his own seatbelt;

c.    officer(s) refused Plaintiff's requests to slow down and to place seatbelts on him;

d.    officer(s)' caused Plaintiff to be injured in and about his head, back, ankles and wrists as the result of reckless driving;

e.    officer(s) contusions with swelling to Plaintiff's head, eye-brow(s) and cheek(s) and bilateral wrist injuries and back damage and aggravated old injuries.

## THIRD CAUSE OF ACTION

Based on the acts and omissions of defendants Rogers and John Doe who are citizens of or lived and worked in the State of West Virginia during the times mentioned in paragraphs 1 - 13 of the aforementioned Statement of Facts, Administrative Remedy Nos. _____ _____, and Administrative Tort Claim No. TRT-MXR-2018-05816, plaintiff Gonzalez-Rodriguez who is and was assaulted and battered by defendant(s) as set forth under West Virginia Tort Law and .West_ Virginia Fire & Cas. Co. v. Stanley, 216 W. Va. 40 @ 50 - 52, 602 S.E.2d 483(2004); and * Tolliver v. The Kroger Co.; 498 S.E.2d 792 @ 711(W. Va. 1997) interpreting that State laws when:

a.    defendants John Doe and Rogers failed to place seatbelts on plaintiff while transporting him handcuffed, chained at the waist in a blackbox sitting with his ankles bound in a manner that prevented him from securing his own seatbelt;

b.    defendant John Doe deliberately drove at high speeds in excess of the post speed limits, while texting or using a cellular device with plaintiff chained and bound in a manner that prevented him from securing his own seatbelt, resulting in Plaintiff being thrusted against the front cage of the van causing facial difigurement, injuries to his eye(s), head, back, ankles, neck, wrists, ]and continued ongoing chronic pain;

c.    defendants John Doe and Rogers caused contusions with swelling upon Plaintiff's, head, cheeks and eyebrows as well as well bilateral damage to his wrists, including possible carpal tunnel, ulnar neurapathy and Superficial Radial Sensory nerve damage and aggravated previously existing injuries;

d.    defendants Rogers and John Doe physically injured Plaintiff and caused him to be in fear for his life and caused him to suffer continued pain.

## FOURTH CAUSE OF ACTION

Based on the facts and omissions of defendants outlined in the aforementioned Statement of Facts paragraphs 1 - 13, Administrative Remedy Nos. _____ _____, and Aministrative Tort Claim No. **TRT-MXR-2018-05816**, Plaintiff was deprived of **a ministerial duty owed by** defendants acting under the color of federal law enforcement authority to "provide for the safekeeping, care and subsistence of" plaintiff as a "person[] charged with or convicted of offenses against the United States" as well as the duty to maintain "[t]he saftey of [plaintiff as an] inmate[] on board Bureau commercial vehicles" and a **duty** as "personnel on official business ]to] fasten [plaintiff's seatbelts]" and **regard**less "of state law" owded plaintiff a duty as a person incapable fending for himself **not [to] engage in text messaging when driving** him as a confined passenger in an official vehicle under West Virginia Tort Laws as such, under the Federal Tort Claims Act, defendant United States of America is liable to Plasintiff for the acts of the FBOP officers named herein and throughout when they acted with gross negligence and committed the tort of outrage while acting within and without the scope of their employment when:

a.    Defendants Rogers and John Doe knew of their agency Program Statement **1600.11 (6/1/2017)** and **Executive Order 13693** requiring all drivers to follow all state distracted driver laws and not to engage in text messaging or speeding while driving a vehicle while on official Government business but disregarded these policy orders and statements resulting in plaintiff being injured in and about his person;

b.    Defendants caused plaintiff to receive injuries to his face, forehead, cheeks, neck, eye(s), back, **legs, and wrists** as a result of John Doe's negligence while driving and defendant Roger's failure to intervene.

- 10 -

## FIFTH CAUSE OF ACTION

The acts and omissions of the defendants outlined in the aforementioned Statement of Facts paragraphs 1 - 14, Administrative Remedies Nos. _____ _____ and Administrative Tort Claim No. **TRT-MXR-2018-05816**, infringed upon Plaintiff Gonzalez-Rodriguez's rights to Petition the Government for a redress of Grievances in violation of his rights under the **First Amendment** to the U.S. Constitution when:

a   they refused to place seatbelts on Plaintiff for complaining about driving too fast;

b   they gave him a rough ride to punish him for complaining about the handcuffs being placed on his wrists too tight;

c   they placed him in **SHU** arbitrarily in response to him pursuing Administrative Remedies and other forms of grievances.

## SIXTH CAUSE OF ACTION

The acts and omissions of the defendants outlined in the aforementioned Statement of Facts paragraphs 1 - 14, Administrative Remedies Nos. _____ _____ and Administrative Tort Claim No. **TRT-MXR-2018-05816** exhibited a conspiracy to violate Plaintiff's right enforceable under **28 U.S.C. §§ 1985 & 1986** when:

a   defendant **Rogers** failed to intervene;

b.   defendants Rogers and John Doe mutually agreed not to place Plaintiff in seatbelts;

c.   defendant John Doe failed to intervene to losen the handcuffs that were hurting Plaintiff's wrists.

d.   defendants **mutually** agreed to do any of the acts averred in the aforementioned First through Fifth Causes of action.

V.

## NATURE OF RELIEF SOUGHT

Based upon the aforementioned facts, claims and averments, your plaintiff Tony Gonzalez-Rodriguez seeks releif as follows:

1.    Compensatory damages in excess of $75,000.00 from each defendant named in this lawsuit, in his or her individual capacities for the physical pain, scars and mental suffering he or she has caused Gonzalez-Rodriguez to endure.

2.    Punitive Damages in the amount of §300,000.00 from each defendant named in this lawsuit, in his or her individual capacities to deter furure misconduct and due to defendants' malicious intent or culpable states of mind.

3. Compensatory damages in the amount of §200,000.00 from the United States of America for all of Gonzalez-Rodriguez's arising under the Federal Tort Claims Act (FTCA).

4.    Any and all other vailable Statutory Damages under State and Federal laws.

5.    That defendants be required to cover or provide for Gonzalez-Rodriguez's continued and future medical care and costs associated with any and all injuries caused by defendants.

6.    Any other relief available.

Based upon the facts and information provided and known to me, I declare (or certify, verify, or state) under penalty of perjury that I have read the facts and averments set out in this complaint and that they are true and correct to the best of my information, knowledge and belief.

Executed on 3-16-2019                By: _____
                                          Tony Gonzalez-Rodriguez

- 12 -